United States District Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AUDENCIO G. VILLASANA, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00146 |
| | § | |
| OSCAR RIVERA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING, AS MODIFIED, MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's complaint (D.E. 1, 14) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On November 13, 2024, United States Magistrate Judge Mitchel Neurock issued a "Memorandum and Recommendation of United States Magistrate Judge" (M&R, D.E. 19), recommending that the Court retain Plaintiff's excessive force claim and dismiss with prejudice all of the remaining claims.

On November 26, 2024, within the time for filing objections to the M&R, Plaintiff filed a purported notice of appeal (D.E. 26) captioned for the Fifth Circuit, complaining of the M&R (D.E. 19), along with this Court's Order (D.E. 22) affirming the Magistrate Judge's denial of his motion for court-appointed counsel (D.E. 16). The Fifth Circuit dismissed the appeal, stating that it was incorrectly docketed and instead constituted an appeal to this Court. D.E. 30.

1 / 5

Thereafter, on December 13, 2024, Plaintiff filed a "motion to appeal" (D.E. 36) captioned for this Court, in largely the same terms as the prior notice of appeal to the Fifth Circuit, complaining of the M&R (D.E. 19) and the orders on the motion for appointment of counsel (D.E. 16, 22). The Court treats the prior notice of appeal (D.E. 26) and motion to appeal (D.E. 36) as objections to the M&R. However, the Court declines to reconsider its prior order affirming the Magistrate Judge's denial of counsel at this juncture. *See* D.E. 22.

First, Plaintiff objects to the recommended denial of his claim for violation of his right to access the courts. D.E. 26, pp. 1-2; D.E. 36, pp. 1-2. In so doing, he merely repeats his complaints of an inadequate law library and denial of legal counsel to represent him. An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition). Plaintiff does not address the dispositive legal issue identified in the M&R, which is that Plaintiff has failed to demonstrate that he has had a nonfrivolous claim denied or impaired by the conduct complained of. The objection is therefore **OVERRULED**.

Second, Plaintiff objects that the treatment he has received with respect to the law library and denial of legal counsel constitutes discrimination and deliberate indifference. D.E. 36, p. 2. This claim is conclusory and raised for the first time in the objections.

Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam). The objection is **OVERRULED**.

Third, Plaintiff appears to object to the timing of the M&R because he had some appeal and request for extension of time pending. D.E. 36, p. 3. It is not clear what proceedings he is referring to or how the timing of the issuance of the M&R harmed him. The objection fails to point out with specificity any error with respect to the issuance of the M&R. Fed. R. Civ. P. 72(b)(2). The objection is **OVERRULED**.

Fourth, Plaintiff objects that he was previously unaware of the existence of injunctive relief and whether a jury trial was applicable. D.E. 36, p. 3. Plaintiff does not articulate how a right to a jury trial would change any result when the question is whether he has stated a claim that survives screening. With respect to injunctive relief, however, the requested remedy can change the analysis of the claims. For this reason, the Court **SUSTAINS** the objection.

While the Court accepts the recommendations of the Magistrate Judge, it declines to make the ruling with prejudice. Plaintiff may file a motion for leave to amend his complaint, together with a full description of the claim(s) that he seeks to revive based on a request for injunctive relief. He must also specify what conduct his requested injunction would compel or preclude. That motion is for decision by the Magistrate Judge in the first instance.

Fifth, Plaintiff accuses Defendants of "tampering with evidence" because some of his medical records were released to them without his authorization. This does not state an objection to any issue addressed in the M&R and is raised for the first time in his objections. It is therefore improper and **OVERRULED**. Fed. R. Civ. P. 72(b)(2).

Sixth, Plaintiff bemoans the state of justice in the courts and states a desire to depose certain witnesses. These matters do not state a cognizable objection and are **OVERRULED**. Fed. R. Civ. P. 72(b)(2).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's first, second, fourth, fifth and sixth objections, and **SUSTAINS** Plaintiff's fourth objection. The Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge, **MODIFIED** only so as to be without prejudice to Plaintiff's filing a motion for leave to amend to add claims for injunctive relief and revive certain claims, which motion is to be directed to the Magistrate Judge.

Accordingly,

- The Court **RETAINS** Plaintiff's Fourteenth Amendment excessive force claim against Sergeant Silvas, Officer Rosales, and Officer Ilañes in their individual capacities; and

4 / 5

- The Court **DISMISSES** all of Plaintiff's other claims **WITHOUT PREJUDICE** to Plaintiff's filing a motion for leave to amend to reinstate claims on which he seeks injunctive relief.

**ORDERED** on January 23, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE