United States District Court
Southern District of Texas

**ENTERED**

April 15, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AUDENCIO G. VILLASANA, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00146 |
| | § | |
| OSCAR RIVERA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's "Motion for Summary Judgment" (D.E. 77), construed as a motion for relief from judgment under Rule 60(b)(1). On March 3, 2026, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 80), recommending that Plaintiff's motion be denied. Plaintiff filed a document that is docketed as objections (D.E. 85) on March 16, 2026. He also filed another document on April 18, 2026, that is docketed as a motion for miscellaneous relief (D.E. 88).

The "objections" document recites that Plaintiff has been suffering hardships that led to the dismissal of his case. D.E. 85, p. 1. But he does not explain what those hardships were and he does not ask for any particular relief. He goes on to recount his transfers among housing units and the searches he has endured, along with the loss of unspecified legal materials and the alleged "planting" of contraband among his possessions, with accusations against certain prison employees.

1 / 3

Nothing in the document (D.E. 85) explains any error in the M&R. Instead, it repeats the conduct that led to the analysis in the M&R: that Plaintiff makes general complaints about the process without evidence to support any specific requests for relief for excusable neglect or otherwise. The Court **OVERRULES** any objection in the document (D.E. 85) as none is apparent.

In the motion (D.E. 88), Plaintiff recites that he did not receive notices on this case from the Clerk of Court in a timely manner. While he claims he has not had time to respond to Court matters, his current documents do not contain any additional response or briefing that he would like to have considered. While he complains of a lack of access to a law library, he does not explain why his computer tablet, which provides such access, was confiscated from him. Neither does he explain what he wanted to research or what additional legal arguments he wanted to support with that legal research.

Plaintiff also complains that he has been denied the address for Defendants' attorneys so that he can give them notice of his change of address. Yet he does not explain what he did not receive from them due to his housing transfers or how it affected his prosecution of this case. And while he complains that his unit has not provided him with his legal mail, he admits that some was brought to him to look at during his property restriction but that he did not look at it because they would not allow him to keep it. This document, for the first time, is signed under penalty of perjury. But it does not contain sufficient information to support an objection to the M&R. Consequently, the Court **OVERRULES** any objection as unintelligible and **DENIES** the "motion" (D.E. 88).

2 / 3

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's "objections" and "motion," and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections, **DENIES** Plaintiff's motion, and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Plaintiff's motion for summary judgment (D.E. 77), construed as a motion for relief from judgment under Rule 60(b)(1) is **DENIED**.

 **ORDERED** on April 15, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE